UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ENR JACKSONS LLC,

      Plaintiff,

v.                                                            2:25-cv-286-KCD-NPM

WESTCHESTER SURPLUS LINES INSURANCE
COMPANY,

      Defendant.

---

## ORDER

Plaintiff has failed to diligently prosecute this Hurricane Ian case. The Court ordered Plaintiff to produce certain information and documents to the defense. (Doc. 8.) Because it did not do so (and because it also failed to respond to written discovery), Defendant filed a motion to compel. (Doc. 18.) Plaintiff chose not to respond. Further still, Plaintiff failed to appear for its deposition. So, Defendant filed a motion for sanctions, requesting either dismissal of the case or an award of fees. (Doc. 32.) And again, Plaintiff chose not to respond.[1]

The Court noticed a hearing for Plaintiff to show cause why this case

---

[1] Plaintiff did not file a legal memorandum in response. *See* Local Rule 3.01(c). Plaintiff merely filed an affidavit from its Rule 30(b)(6) designee. Notably, either Plaintiff's counsel or Plaintiff's designee offered a false excuse for the failure to appear. The **evening before** the deposition, Plaintiff's counsel represented that the designee had "a personal emergency." (Doc. 32-6.) But in his affidavit, the designee averred that his failure to appear "was caused solely by the unexpected and urgent need to address" a workplace injury that occurred **the same day** as the deposition. (Doc. 35-1.)

should not be dismissed for failure to prosecute and for Plaintiff's failure to comply with the hurricane scheduling order. (Doc. 32.) Plaintiff did not appear for the hearing. (Doc. 38.)[2] This pattern of conduct warrants dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff was warned that failure to comply with our orders may result in a dismissal. (Doc. 7 at 12.) Accordingly, it is now **ORDERED**:

1.      Plaintiff's claims are dismissed without prejudice for failure to prosecute.

2.      The Clerk is **DIRECTED** to enter judgment, terminate any pending deadlines, and close the case.

---

[2] The Court denied a motion to continue the hearing. (Doc. 37.) Plaintiff's counsel then asked attorney Alexander Brooks to "cover" the hearing. But because Brooks is not a member of the Court's bar, and because he did not join the Court's bar despite our prompting him to do so at the beginning of this case (Doc. 3), his status as counsel of record was terminated about three months prior to the show-cause hearing. So Brooks's presence in court on December 8, 2025, did not constitute an appearance by the Plaintiff. *See* Local Rule 2.01(a) ("Membership or special admission in the Middle District bar is necessary to practice in the Middle District.").

**ORDERED** in Fort Myers, Florida on February 26, 2026.

Kyle C. Dudek
United States District Judge